# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CYNTHIA MONTAVON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security,[1] ) <br> ) <br> Defendant. ) <br> ) | No. 17 C 2124 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Cynthia Montavon's ("Plaintiff") claim for Disability Income Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 13] is denied and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is granted.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. Procedural History

Plaintiff filed her application for DIB in January 2015, alleging disability beginning in June 2014 due to brachial neuropathy, cervical radiculopathy, and fibromyalgia. (R. 143–52, 184.) Her application was denied initially and again upon reconsideration. (R. 63–82.) Plaintiff then presented for a hearing before an Administrative Law Judge ("ALJ") on September 14, 2016, represented by counsel. (R. 35–62.) The ALJ issued an unfavorable decision on October 3, 2016. (R. 19–34.) This Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994) (R. 1–6.)

## II. ALJ Decision

On October 3, 2016, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 19–34.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity June 3, 2014, her alleged onset date, and meets the insured status requirements of the Act through December 31, 2019. (R. 24.) At step two, the ALJ found that Plaintiff suffered from the severe impairments of cervical and lumbar degenerative disc disease and stenosis, and myofascial pain syndrome. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (R. 25)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, except she could only occasionally climb, stoop, kneel, crouch, and crawl. (R. 26.) At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a housing management officer and grant coordinator. (R. 30.) Because of this determination, the ALJ found that Plaintiff was not disabled from June 3, 2014, her alleged onset date, through the date of her decision. (R. 30.)

## **DISCUSSION**

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the

4

ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## V. Analysis

Plaintiff argues that the ALJ's decision should result in remand because she: (1) failed to give controlling weight to the opinion of Plaintiff's treating physician; (2) erred in her assessment of Plaintiff's testimony; and (3) failed to address evidence relating to her right shoulder impairments and limitations.

### A. Medical Opinion Evidence

First, Plaintiff contends that the ALJ improperly discounted the findings of her treating physician, Dr. Diamond Dettore, M.D. On September 6, 2016, Dr. Detorre completed a medical source statement wherein he opined that Plaintiff's neck and arm pain made it difficult, if not impossible, for her to use a computer for longer than fifteen minutes, that her sciatica prevented her from sitting in a chair or car, and that Plaintiff would not be capable of performing a full-time job, eight hours a day, five days per week, on a sustained basis. (R. 416–17.) The ALJ did not assign this opinion controlling, or even great weight. (R. 29.)

Even where an ALJ does not accord controlling weight to the opinion of a treating physician, the ALJ must determine what weight to give the opinion using the factors set out in 20 C.F.R. § 404.1527. When determining what weight to accord a medical opinion, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with

the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(c).

Here, the ALJ relied on several of the regulatory factors when discounting Dr. Dettore's opinion. First, the ALJ acknowledged that Dr. Detorre had been Plaintiff's general practioner since July 2006 (nature and length of the examining relationship) and that he had no applicable specialty (physician's specialization). (R. 29.) Next, the ALJ explained that she did not find Dr. Detorre's opinion consistent with other examinations in the record which revealed normal gait, 5/5 strength, and intact sensation in all of Plaintiff's extremities (consistency with the record). (*Id.*) Finally, the ALJ noted that Dr. Dettore's statements that Plaintiff could not work were conclusions reserved for the Commissioner. (*Id.*) The ALJ's decision demonstrates that he was aware of and considered many of the factors, and he logically connects the evidence in the record to his determination of the weight to be given to the doctor's opinion. It is also clear from this discussion that the ALJ analyzed Dr. Detorre's opinion using the regulatory factors.

Nonetheless, Plaintiff argues that Dr. Detorre's opinion should have been entitled to great weight because the ALJ ignored evidence which supported the doctor's findings, including decreased range of motion and tenderness on palpitation. First, the Court notes that an ALJ is not required to discuss every piece of evidence so long as she builds a logical bridge between the evidence and her conclusions. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Second, the

7

ALJ did note that Plaintiff "demonstrated limited range of motion of the shoulders, cervical spine, and lumbar spine." (R. 28.)

Furthermore, the Court has already determined the ALJ gave acceptable reasoning when she evaluated Dr. Detorre's opinions against the regulatory factors. Remandable error does not occur because Plaintiff can point to evidence which lends greater credence to a doctor's argument. *Elder*, 529 F.3d at 413 (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") Again, as long as the ALJ's finding is supported by substantial evidence, the Court will not find error.[2]

**B. Credibility**

An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' "

---

[2] In passing, Plaintiff claims that Dr. Detorre's opinion should have been accorded greater weight than those of the state agency consultants who reviewed Plaintiff's records by virtue of Dr. Detorre's status as a treating physician. While generally treaters are accorded more weight than non-treaters, it is not a requirement that the ALJ always give their opinions more weight. 20 C.F.R. §404.1527(c).

*Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887–88); *see* SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Plaintiff takes two issues with the ALJ's credibility determination. First, she complains that the ALJ did not support her credibility determination with substantial evidence and second, that the ALJ did not credit her strong work record.

Generally, Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence. For example, Plaintiff contends that the ALJ did not consider the effect her depression would have on her perception of pain or articulate why her doctors continued to treat her if her symptoms were not credible. But, the problem with Plaintiff's arguments is that they ignore the reasons the ALJ did provide for discrediting Plaintiff's statements. Here, the ALJ found, that Plaintiff's allegations were not supported for several reasons. For example, he found that Plaintiff alleged lifting limitations were contradicted by physical examinations revealing full strength and intact sensations. (R. 27–28.) Similarly, Plaintiff claimed

9

to use a walker for the two years prior to the administrative hearing, but the ALJ pointed to records from the same time frame indicating that she retained a normal gait and that none of her health care providers documented use of an assistive device. (R. 28–29.) The ALJ also acknowledged that Plaintiff was not under the care of a pain specialist, but rightly noted that she lacked health insurance. (R. 29.) Moreover, the ALJ noted that Plaintiff refused physical therapy and that her treatment was otherwise conservative. (R. 28–29.) Based on this discussion, it is clear that the ALJ provided several reasons for discounting Plaintiff's credibility.

As for Plaintiff's work history, Plaintiff is correct that a "claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015) (citation omitted). But, it is simply one of many factors an ALJ must consider when evaluating a Plaintiff's credibility; strong work history alone is not a reason to remand an ALJ's decision. The ALJ acknowledged at the hearing Plaintiff's length work history with the government and ultimately determined she could return to her prior job. (R. 30.) Despite Plaintiff's work history, the ALJ found that Plaintiff's allegations were inconsistent with the medical evidence, her conservative treatment, and the medical opinions of record. Therefore, there is substantial evidence supporting the ALJ's credibility determination.

**C. Shoulder Pain Evidence**

Finally, Plaintiff argues that the ALJ ignored an entire line of evidence relating to her shoulder pain and resulting limitations. Plaintiff testified that she

10

suffered from bursitis in her right shoulder that prevented her from lifting her arm above shoulder level. (R. 54.) Plaintiff also points to an MRI of her shoulder which revealed underlying labral tearing, supporting her subjective shoulder pain allegations. (R. 277.) Contrary to Plaintiff's allegations, however, the ALJ did not ignore this evidence, and cited the MRI in her decision. (R. 27.) The ALJ further noted that medical providers believed the pain was likely due to spinal canal stenosis. (R. 27, 266.) The ALJ also gave weight to the opinions of the state agency consultants who considered Plaintiff's right shoulder pain but did not find that it would result in any work related limitations. (R. 66–69, 77–79). Accordingly, the ALJ did not ignore the evidence of Plaintiff's shoulder pain.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 13] is denied and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is granted. Affirmed.

**SO ORDERED.**  **ENTERED:**

**DATE:   July 13, 2018**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

11